IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEONITA MARIE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-2184-DDC-ADM |
| ) | |
| WAL-MART REAL ESTATE BUSINESS ) | |
| TRUST, WAL-MART ASSOCIATES, ) | |
| INC., WAL-MART STORES EAST, LP, ) | |
| AND WAL-MART STORES, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' Motion to Stay Pending Ruling on Motion to Dismiss. (ECF 17.) By way of this motion, defendants Wal-Mart Real Estate Business Trust, Wal-Mart Associates, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Stores, Inc. ("Wal-Mart") ask the court to stay all discovery until the court decides Wal-Mart's pending motion to dismiss (ECF 10). Plaintiff Leonita Marie Davis ("Davis") opposes the requested stay. For the reasons discussed below, the court denies the motion to stay.

**I.     BACKGROUND**

On April 9, 2025, Davis filed this action asserting claims of defamation, malicious prosecution, reckless infliction of mental distress, racially discriminatory conduct, invasion of privacy, punitive damages, and libel and slander. (ECF 1.) On April 15, in response to the court's order to show cause, Davis filed an amended complaint clarifying the basis for this court's subject matter jurisdiction and asserting the same seven claims. (ECF 5.) On June 2, Wal-Mart moved to dismiss the amended complaint pursuant to FED. R. CIV. P. 12(b)(6), contending that her amended

1

complaint fails to state a claim as to all seven causes of action. (ECF 10.) On June 20, Wal-Mart filed the current motion to stay discovery pending the court's ruling on the motion to dismiss. (ECF 17.) On June 23, Davis filed a response opposing both the motion to dismiss and the motion to stay discovery. (ECF 18.)

## II.    LEGAL STANDARD

The court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)). Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1); *see also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990) (discussing Rule 26(c)). Stays are disfavored, however, because they "can delay a timely resolution of the action." *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020). Further, "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

With these considerations in mind, this district has adopted a longstanding policy not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Tomes v. Loancare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) ("The district of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion."). "[B]are assertions that discovery will be

unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Cont'l Ill.*, 130 F.R.D. at 148. A stay *may* be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-*2 (D. Kan. Feb. 2, 2023). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *see also Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.").

### III.   ANALYSIS

Wal-Mart asserts that a stay is appropriate here because the motion to dismiss "would completely dispose of all of Plaintiffs' claims." (ECF 17, at 3.) Wal-Mart also argues that "discovery will have no bearing or impact on resolution" of its motion to dismiss because the motion to dismiss "is based on legal arguments and only related to what has been plead." (*Id.*) Finally, Wal-Mart asserts that "allowing discovery before the Motion is ruled on would be wasteful and burdensome for Defendants, Plaintiff, and the Court itself because only after the Motion is resolved will the parties know the relevant issues, parties, and scope of discovery, if any." (*Id.*)

The court has reviewed the briefing on the pending dispositive motion. With respect to each of Wal-Mart's arguments for dismissal, Davis's response brief asserts viable counter arguments. Thus, the court is not persuaded that the case is likely to be fully resolved via the pending motion to dismiss, at least not any more so than when reviewing motions to dismiss filed

in other cases. The court does not presume to predict how the district judge will rule, but Davis raises what appear to be legitimate arguments against dismissal at the pleading stage. Although a ruling on the motion to dismiss might trim down the case, discovery will still be necessary to resolve the case in its entirety. Quite simply, the pending motion to dismiss does not appear to be any more meritorious (and hence likely to end the case) than motions to dismiss regularly filed in this court. In view of the above, the court cannot conclude that it is *likely* that the case will be resolved upon the district judge's ruling. *See Green v. Blake*, No. 18-2247-CM-JPO, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020) (declining to stay discovery where the outcome of the defendants' pending dispositive motion was unclear).

Wal-Mart also has not demonstrated that participating in discovery at this procedural juncture would be wasteful or burdensome enough to justify a stay. "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay." *Id.* at *2. Although Wal-Mart asserts that discovery will be "burdensome," the burden is purely speculative at this juncture.

In sum, Wal-Mart has not met its burden to demonstrate that this is an exceptional case warranting a discovery stay. Davis filed this action 2½ months ago and has a right to see it proceed in a timely manner, absent a strong showing by the movant. For the reasons discussed above, the court denies Wal-Mart's motion to stay.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Pending Ruling on Motion to Dismiss (ECF 17) is denied.

Dated June 25, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge